IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY DAVIS,

    Petitioner,      No. CIV S-08-1472 JAM DAD P

  vs.

S. R. MOORE, Warden,

    Respondent.      <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

    Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Therein, petitioner challenges California Governor Arnold Schwarzenegger's reversal of the November 10, 2005 decision by the Board of Parole Hearings finding petitioner suitable for parole.  Petitioner claims that the Governor's action violated his right to due process.

    On March 19, 2010, this court issued an order to show cause why this action should not be dismissed as moot, after having independently verified that petitioner was released on parole on September 3, 2009.  Petitioner did not respond to the order to show cause.

    An appeal is moot unless petitioner suffered or is threatened with "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  <u>Spencer v.</u>

1

1  Kemna, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted).  "[A] case becomes
2  moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable
3  interest in the outcome.'"  Murphy v. Hunt, 455 U.S. 478, 481 (1982), (quoting United States
4  Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)) (quoting Powell v. McCormack, 395
5  U.S. 486, 496 (1969)).  A case properly brought in the first instance is rendered moot when
6  "interim relief or events have completely and irrevocably eradicated the effects of the alleged
7  violation."  Chang v. United States, 327 F.3d 911, 918 -919 (9th Cir. 2003) (quoting County of
8  Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

9        As a general rule, a habeas corpus petition "becomes moot when a prisoner
10 completes his sentence before the court has addressed the merits of his petition."  Larche v.
11 Simons, 53 F. 3d 1068, 1069 (9th Cir. 1995 ) (citing cases).  Upon release, a justiciable
12 controversy may still exist if petitioner "suffers from any collateral consequences" as a result of
13 the challenged action that may be redressed by habeas relief.  Burnett v. Lampert, 432 F.3d 996,
14 1000 (9th Cir.2005) (citing Spencer, 523 U.S. at 7).

15       It appears from the record before this court that petitioner's release on parole has
16 rendered this action moot.  There is no evidence before the court that petitioner continues to
17 suffer any collateral consequences stemming from Governor Schwarzenegger's reversal of the
18 2005 decision by the Board of Parole Hearings finding petitioner suitable for parole, or that there
19 is any effective relief the court can now grant to petitioner.  See Seiler v. Ayers, No. 07-16675,
20 2009 WL 1975449 (9th Cir. June 22, 2009) (habeas petitioner's appeal from district court's
21 denial of petition challenging the Governor of California's decision to deny him parole was
22 rendered moot by petitioner having been subsequently released on parole).[1]

23       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as
24 moot.

---

26 [1] Citation of this unpublished disposition by the Ninth Circuit Court of Appeals is appropriate pursuant to Fed. R. App. P. 32.1 and U.S. Ct. of App. 9th Cir. Rule 36-3(b).

1  These findings and recommendations will be submitted to the United States
2  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
3  twenty-one days after being served with these findings and recommendations, any party may file
4  written objections with the court. The document should be captioned "Objections to Findings
5  and Recommendations." The parties are advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
7  F.2d 1153 (9th Cir. 1991).
8  DATED: June 1, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
davis1472.dismiss